# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

U-Tech Media USA, LLC,

                          Plaintiff,

                                                    Civ. No. 10-3130 (RHK/FLN)
                                                     **ORDER**

v.

Cycle, Inc., and Marc Wemple,

                          Defendants.

This matter is before the Court *sua sponte*.

Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff U-Tech Media USA, LLC ("U-Tech") commenced this action against Cycle, Inc. ("Cycle") and Marc Wemple, an individual, alleging claims for (*inter alia*) breach of contract and unjust enrichment. The Complaint alleges that U-Tech is "a limited liability company registered under the laws of the State of California, with its principal business address at 1105 Montague Court, Milpitas, California." (Compl. ¶ II.) It further alleges that Cycle is a Minnesota corporation with its principal place of business in Bloomington, Minnesota, and that Wemple is a resident of Minnesota. (Id. ¶ III.) No further allegations regarding the citizenship of U-Tech are found in the Complaint.

It is well-established that a limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint is utterly silent as to the citizenship of U-Tech's

members – indeed, it does not even state who those members are. As the party invoking the Court's jurisdiction, it is U-Tech's burden to plead the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so requires it to plead "with specificity the citizenship of the parties," and hence the citizenship of each of its members. Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

Because U-Tech has failed to properly allege its citizenship, it has not satisfied its burden of establishing diversity jurisdiction. Based on the foregoing, **IT IS ORDERED** that U-Tech shall redress the deficiencies set forth above on or before August 13, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: July 29, 2010

                 s/Richard H. Kyle
                 RICHARD H. KYLE
                 United States District Judge